UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES F. SNYDER,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>                    Respondent. | Case No. 2:25-cv-00518-DCN<br><br>**INITIAL REVIEW ORDER and NOTICE OF INTENT TO DISMISS** |

Petitioner James F. Snyder has filed a Petition for Writ of Habeas Corpus challenging his 2021 state court convictions for battery and battery on an officer, in violation of Idaho Code §§ 18-903 and 18-915, in Kootenai County Case No. CR28-21-11291.[1] *See* Dkt. 1; *see also Kootenai County iCourt Database*, https://preview.icourt.idaho.gov/case/CR28-21-11291/county/Kootenai (judgment entered Sept. 2, 2021) (accessed Sept. 23, 2025). The Petition in this case was filed on June 30, 2025. *See* Dkt. 1.

The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

---

[1] Petitioner initially filed a single petition challenging convictions in two separate criminal cases in Kootenai County, Idaho. Pursuant to the Court's Order of Severance (Dkt. 2), all claims challenging Case No. CR-28-21-11291 will be addressed in this case. All claims challenging Case No. CR28-19-6825 are addressed in *Snyder v. Idaho*, No. 2:25-cv-00335-AKB (D. Idaho).

INITIAL REVIEW ORDER and NOTICE OF INTENT TO DISMISS - 1

## REVIEW OF PETITION

1.  **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

2.  **Discussion**

Habeas relief is not available if the petitioner is not "*in custody*" at the time of the filing of the petition. 28 U.S.C. §§ 2241(c), 2254(a). In such a case, the court lacks subject matter jurisdiction over the habeas case. "A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of [a] court's subject matter jurisdiction." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely

at those convictions."). Whether a petitioner is "in custody" is determined "at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).

The judgment of conviction in Petitioner's state court criminal case was entered on September 2, 2021. Petitioner received sentences of "38 days of jail for battery with credit for time served," and "180 days of jail for battery on an officer." *State v. Snyder*, No. 49135, 2022 WL 3063559, at *1 (Idaho Ct. App. Aug. 3, 2022) (per curiam) (unpublished). The trial court suspended the 180-day sentence for battery on an officer and placed Petitioner on probation for two years. *Id*. Petitioner's probation would have ended in September 2023. Additionally, according to the website of the Idaho Department of Correction, Petitioner is no longer incarcerated and is currently on parole only on his conviction for possession of a controlled substance[2]—not on the battery convictions that he challenges in the instant Petition. *See IDOC Resident/Client Search*, https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/133593 (accessed Sept. 23, 2025); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that being subject to supervision on parole for a conviction satisfies the "in custody" requirement for that conviction).

Therefore, it appears that Petitioner fully served his sentence on his convictions for battery and battery on an officer before he filed the Petition in the instant case and that, as a result, the Court lacks jurisdiction in this matter.

---

[2] Petitioner has already been denied habeas relief on his conviction for possession of a controlled substance. *See Snyder v. Ramirez*, No. 1:22-cv-00311-REP (Dkts. 56 & 57) (D. Idaho Sept. 7, 2023).

## ORDER

**IT IS ORDERED** that, within 28 days after entry of this Order, Petitioner may respond to the Court's jurisdictional analysis as set forth above. If Petitioner does so, Petitioner must explain why he believes he remains "in custody" on the battery convictions that he challenges in this action. If Petitioner does not file a response to this Order, or if the response does not establish that Petitioner was "in custody" when he filed the initial petition, this case will be dismissed without further notice.

DATED: November 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge